**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DARSHNA DESAI. | Criminal Action No. 14-505 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Darshna Desai's ("Desai") Letter Motion for Early Termination of Probation ("Motion") pursuant to 18 U.S.C. § 3564(c). (ECF No. 28.) The United States of America (the "Government") did not e-file a response to the Motion. The Court has considered Desai's Motion under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the Motion is denied.

I. **BACKGROUND**

On September 4, 2014, Desai pled guilty to a one-count Information charging her with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. (*See* Information, ECF No. 1; *see also* Plea Agreement, ECF No. 5.)

On September 20, 2021, Desai was sentenced to probation for a term of three years with special conditions, conditioned on serving six months of home confinement, making restitution to the Internal Revenue Service in the amount of $359,525, and performing 200 hours of

community service during the probationary period.[1] (Desai Mot. 1, ECF No. 28; Minutes of Proceedings, ECF No. 22; J., ECF No. 23.)

On October 18, 2023, Desai moved for early termination of probation based on her compliance with the supervised release conditions, including fine, restitution, and community service requirements. (Desai.'s Mot. 1.) Desai notes that the Government does not oppose the request. (*Id.* at 2.)

## II.  **LEGAL STANDARD**

The court may terminate a term of probation prior to its expiration under 18 U.S.C. § 3564(c). The statute provides that:

> [A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable, [the Court] may . . . terminate a term of probation . . . at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

Extraordinary circumstances may be sufficient to justify early termination, but they are not necessary for the court to grant early termination. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

---

[1] The following special conditions were ordered: (1) Location Monitoring Program; (2) Community Service; (3) Financial Disclosure; (4) Internal Revenue Service – Cooperation; and (4) New Debt Restrictions. (J. 2-3.) Desai completed her home confinement in March 2022. (Desai Mot. 1.)

### III. DISCUSSION

The Court has considered the § 3553(a) factors and finds that early termination of probation is not warranted. While the Court commends Desai's progress towards living a law-abiding life and satisfying her financial obligations, compliance with the terms of probation is what is expected of probationers, and without more, cannot justify early termination. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."). Here, there are no new or unforeseen circumstances that warrant a change in the Court's initial sentencing of probation. Rather, the court finds its initial sentence appropriate and an early termination would not be in the interest of justice. As such, Desai's Motion is denied.

### IV. ORDER

For the foregoing reasons,

**IT IS**, on this 14th day of August 2024, **ORDERED** that:

1. The Clerk of Court shall reopen this case for consideration of Defendant's letter motion.

2. Desai's Letter Motion for Early Termination of Probation (ECF No. 28) is **DENIED**.

3. 3. The Clerk of Court shall close this case.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**